**PRACTICING DOCTORS OF ACUPUNCTURE, Pan Jau Chi, etc., et al., Plaintiffs,**

v.

**DEPARTMENT OF PROFESSIONAL REGULATION OF the STATE OF FLORIDA, et al., Defendants.**

No. 80–8324–CIV–JAG.

United States District Court, S. D. Florida, N. D.

July 10, 1981.

---

Jim Smith, Atty. Gen., John E. Griffin and Joseph W. Lawrence, II, Asst. Attys. Gen., State of Florida, Dept. of Legal Affairs, Tallahassee, Fla., for defendants.

Tina Hipple and Salvatore A. Carpino, Tallahassee, Fla., for the Dept. of Professional Regulation.

Christopher D. Rolle, Asst. Atty. Gen., Dept. of Legal Affairs, Tallahassee, Fla., for the State of Florida.

## ORDER OF DISMISSAL

GONZALEZ, District Judge.

THIS CAUSE came on to be heard upon the Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint by reason of plaintiffs' lack of standing to sue. This court has previously disposed of all other issues presented by Defendants' Motion to Dismiss. The plaintiffs, practicing doctors of acupuncture, have now submitted a report pursuant to the court's direction indicating the extent and scope of their acupuncture practice. The remaining issue is, therefore, now ready for decision.

The question presented is whether the Plaintiff/Acupuncturists here have standing to sue; or, put differently, whether this case presents a case or controversy within the meaning of Article III § 2, cl. 1, of the United States Constitution. Federal Court's, pursuant to Art. III of the United States Constitution, only have jurisdiction over actual "cases and controversies". *United States Parole Com'n v. Geraghty*, 445 U.S. 388, 395–96, 100 S.Ct. 1202, 1208, 63 L.Ed.2d 479 (1980); *GTE Sylvania, Inc. v. Consumers Union, etc.*, 445 U.S. 375, 382, 100 S.Ct. 1194, 1199, 63 L.Ed.2d 467 (1980); *Simon v. Eastern Ky. Welfare Rights Organization*, 426 U.S. 26, 37, 96 S.Ct. 1917, 1924, 48 L.Ed.2d 450 (1976); *Flast v. Cohen*, 392 U.S. 83, 94–95, 88 S.Ct. 1942, 1949, 20 L.Ed.2d 947 (1968); *Sannon v. United States*, 631 F.2d 1247, 1250 (5th Cir. 1980).

Constitutional rules of standing as distilled from the numerous Supreme Court cases on the issue provide a four (4) prong

John B. McCracken, Peter S. Holton, George H. Bailey, Jones & Foster, West Palm Beach, Fla., for plaintiffs.

test. *Ass'n of Data Processing Serv. Organizations, Inc. v. Camp*, 397 U.S. 150, 90 S.Ct. 827, 25 L.Ed.2d 184 (1970). *See also, Warth v. Seldin*, 422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). *Linda R. S. v. Richard D.*, 410 U.S. 614, 93 S.Ct. 1146, 35 L.Ed.2d 536 (1973). *Simon v. Eastern Ky. Welfare Rights Organization*, 426 U.S. 26, 38, 96 S.Ct. 1917, 1924, 48 L.Ed.2d 450 (1976). *Harrington v. Bush*, 553 F.2d 190, 205–06 n. 68 (D.C.Cir. 1977).

■ The four prerequisites necessary for standing to sue are: (1) Injury to plaintiffs in fact, economic or otherwise; (2) plaintiffs must fall within the zone of interest to be protected or regulated by a given statute; (3) some actual or threatened injury must result from the putatively illegal action and; (4) the alleged injury must be likely to be redressed by a favorable decision of the tribunal.

These four areas of inquiry are sometimes termed the elements of (1) injury, (2) interest, (3) causation, and (4) redressability. *Rite-Research Improves Environ, Inc. v. Costle*, 78 F.R.D. 321, 323 (S.D.Fla.1978).

The statutes regulating the practice of acupuncture in Florida prior to adoption of the challenged act, which is Chapter 468, Florida Statutes, authorized acupuncturists to practice their calling solely under the direct supervision and control of a licensed physician—unless they were a licensed medical professional. Since plaintiffs herein are not licensed medical professionals under Florida law, plaintiff/acupuncturists could only practice acupuncture in Florida prior to the enactment of the challenged act under the direct supervision and control of licensed physicians in the limited capacity of a trained assistant. Fla.Stat. § 458.-303(2).[1]

A reading of the exemption provisions of Chapter 468, Florida Statutes, the challenged act, reveals that it does not apply to persons regulated under Chapter 458 including its provisions for *trained assistants.* Specifically Fla.Stat. § 468.211, tentatively renumbered as Section 468.329, provides that the provisions contained in Chapter 468 will not apply to certain types of previously regulated medical practice.[2] It follows, therefore, that plaintiffs herein are not directly affected by the challenged act. They may continue to practice acupuncture in the future as they have in the past, that is, under the direct supervision and control of a licensed physician. No direct injury has been established. Plaintiffs may do today that which they could do yesterday. They are only precluded today from doing that which they could not have done yesterday. Such a situation is devoid of any injury in fact, economic or otherwise.

Plaintiffs' assertion that the challenged act discriminates against them by excluding certain categories of trained professionals from its operation is—at best—the assertion of indirect injury. The exemption section of the challenged act, Fla.Stat. § 468.-211, tentatively renumbered as § 468.329, merely exempts from its operation certain classes of trained professionals already subject to control by the regulatory boards created in their respective fields.

■ As to the first element of the standing test, it is clear that there is no valid injury in fact, economic or otherwise. No injury has been inflicted upon Plaintiffs by the challenged act. It allows plaintiffs to

---

1. Fla.Stat. § 458.303(2) states in pertinent part that:

   Nothing ... shall be construed to prohibit any service rendered by a physician's trained assistant ... if such service is rendered under the direct supervision and control of a licensed physician. Further, nothing in this or any other chapter shall be construed to prohibit any service rendered by a physician's trained assistant in accordance with the provisions of this subsection.

2. Fla.Stat. § 468.211, tentatively renumbered as 468.329, states that:

   This part shall not apply to persons licensed under chapter 458 [physicians], chapter 459 [osteopathic medicine], chapter 460 [chiropractic medicine], chapter 461 [podiatry], chapter 462 [naturopathy] and chapter 466 [dentistry]. The *regulatory boards established by those chapters may promulgate rules governing the practice of acupuncture by their respective licensees.* (emphasis and bracketed material added).

continue to practice acupuncture under the control and supervision of a licensed physician as they have in the past while expanding accessability for licensing by permitting them to practice independently upon certain licensing requirements being met.

█ This first element of standing establishes a constitutionally necessary minimum requirement which must be present in every case. In its absence no other inquiry is relevant as standing to sue is absent. *Schlesinger v. Reservists Committee To Stop The War*, 418 U.S. 208, 227 n. 16, 94 S.Ct. 2925, 2935 n. 16, 41 L.Ed.2d 706 (1974); *Simon*, 426 U.S. at 39 n. 19, 96 S.Ct. at 1925 n. 19; *Harrington*, 553 F.2d at 205 n. 68.

No injury having been demonstrated, the rendering of a decision on the merits in this case would amount to an advisory opinion. Such opinions are not permitted under Article III of the United States Constitution, and hence the court is without jurisdiction of the subject matter of this action.

Accordingly, it is ORDERED AND ADJUDGED as follows:

1) That Defendants' Motion to Dismiss the amended complaint on behalf of the Plaintiff/Practicing Doctors of Acupuncture for lack of standing to sue be, and the same is hereby GRANTED.

2) That Plaintiffs' entire amended complaint be, and the same is hereby DISMISSED for the reasons set forth above as well as those contained in this Court's Order dated February 9, 1981.

3) That this cause is hereby dismissed, and the defendants shall go hence *sine die*.

4) Costs will be taxed against Plaintiffs upon appropriate application.